# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **CRIMINAL ACTION** |
| Plaintiff, | ) | **No. 14-20014-08-KHV** |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **No. 16-2579-KHV** |
| LESLIE ANN TIMMS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On February 23, 2016, the Court sentenced defendant to 48 months in prison. Defendant did not appeal. This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Correct/Modify Sentence Pursuant To U.S.S.G. App. C, Amend. 794 (Doc. #550) filed August 19, 2016. For reasons stated below, the Court overrules defendant's motion.

### Factual Background

On November 19, 2014, a grand jury charged Leslie Ann Timms and 11 other defendants with conspiracy to distribute and possess with intent to distribute methamphetamine. See Fourth Superseding Indictment (Doc. #151), Count 1. On April 16, 2015, defendant pled guilty. See Plea Agreement (Doc. #251).

Before sentencing, defendant filed a sentencing memorandum which asked for a two level decrease in her offense level as a minor participant under Section 3B1.2 of the United States Sentencing Guidelines. See Defendant's Sentencing Memorandum For Minor Participant Level Reduction (Doc. #395) filed February 12, 2016. At sentencing, the Court overruled defendant's motion and declined to reduce her offense level under Section 3B1.2. Defendant's total offense level was 29, with a criminal history category II, resulting in a guideline range of 97 to 121 months

in prison.  See Transcript Of Sentencing (Doc. #577) filed September 13, 2016 at 24. The Court

sentenced defendant to 48 months in prison.  The Court noted that a below-Guideline sentence was

justified because although defendant did not qualify for an adjustment under Section 3B1.2, her

participation in the drug trafficking activities was less than others and her criminal history was not

as substantial as others.  See id. at 27.  Defendant did not appeal.  Gregory Robinson represented

defendant throughout the proceedings.

On August 19, 2016, defendant filed a motion to vacate her sentence under 28 U.S.C. § 2255.

Liberally construed, defendant's motion alleges that in light of Amendment 794 to the Sentencing

Guidelines, the Court erred in refusing to reduce her offense level under Section 3B1.2.

## Analysis

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that

the proceedings which led to defendant's conviction were correct.  See Klein v. United States,

880 F.2d 250, 253 (10th Cir. 1989).

**I.      Waiver Of Collateral Challenges**

Defendant claims that the Court should reduce her sentence under Amendment 794 to the

Sentencing Guidelines, which became effective November 1, 2015.  The government asserts that

the waiver of collateral challenges in the plea agreement bars defendant's claim.  See Plaintiff's

Motion To Enforce Waiver Of Collateral Attack (Doc. #579) filed September 19, 2016 at 6-11.

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a

sentence is generally enforceable.  United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir.

2003); Cockerham, 237 F.3d at 1181; United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir.

1998).  The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver:

(1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived her rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.  United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement.  United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328.  The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when she entered the plea.  United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004).  The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant.  Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **13.     Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change her sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion under Fed. Rule of Civ. Pro. 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).  Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

Plea Agreement (Doc. #251) filed April 16, 2015, ¶ 13.  Here, because defendant's claim that the Court did not correctly calculate her Guideline range does not allege ineffective assistance of counsel or prosecutorial misconduct, it falls within the scope of the broad waiver in the plea agreement.

To ascertain whether defendant knowingly and voluntarily waived her rights, the Court evaluates the language of the plea agreement and the plea petition, and the Rule 11 colloquy.  Hahn, 359 F.3d at 1325.  The Honorable David J. Waxse conducted a thorough inquiry at the plea hearing.  At that time defendant affirmed that she understood the charge against her, the maximum prison term of 20 years in prison, the rights which she was waiving and the factual basis for her plea.  See Transcript Of Change Of Plea Hearing (Doc. #576) filed September 13, 2016 at 8-29.  Defendant acknowledged that she understood the waiver of appeal and collateral challenges, that her plea was free and voluntary, that no one had forced or threatened her to enter it and that the only reason she was making a plea was that she was in fact guilty as charged.  See id.  Nothing in the record suggests that defendant's plea or waiver of post-conviction rights was unknowing or involuntary.  In sum, the language of the plea agreement and the Rule 11 colloquy established that defendant's waiver of her rights was knowing and voluntary.

The Court must "determine whether enforcing the waiver will result in a miscarriage of justice."  Hahn, 359 F.3d at 1327.  This test is not met unless (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings.  Id.  Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice.  Anderson, 374 F.3d at 959.

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above.  In particular, defendant received a sentence of 48 months in prison, which is 49 months below the minimum of the applicable guideline range and well below the statutory maximum of 20 years in prison.  See United States v. Green, 405 F.3d 1180, 1193-94 (10th Cir. 2005); United States v. Porter, 405 F.3d 1136, 1144 (10th Cir. 2005) ("statutory maximum" under Hahn refers to statute of conviction).  Furthermore, enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings.  See United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir. 2005) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings).  The Court finds that enforcing the waiver as to defendant's claim will not result in a miscarriage of justice.

For these reasons, the waiver in the plea agreement bars defendant's Section 2255 motion.[1]

## II.       Substantive Merit Of Defendant's Claim

Defendant's claim also lacks substantive merit.  Defendant argues that in light of Amendment 794 to the Sentencing Guidelines which clarified Section 3B1.2, the Court erred in refusing to reduce her offense level as a minor or minimal participant.  Amendment 794 provides

---

[1]       Defendant's claim also appears to be barred because defendant did not file a direct appeal.  See United States v. Campos-Guel, No. 09-2141, 2009 WL 4282837, at *1 (10th Cir. Dec. 2, 2009) (Section 2255 not substitute for arguments that could have been raised on direct appeal); United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (Section 2255 not available to test legality of matters which should have been raised on appeal); see also United States v. Addonizio, 442 U.S. 178, 184 (1979) (error that may justify reversal on direct appeal will not necessarily support collateral attack on final judgment).  A court may raise procedural bars sua sponte but must afford the movant an opportunity to respond to the defense.  See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also United States v. Barajas-Diaz, 313 F.3d 1242, 1247 (10th Cir. 2002) (court may raise procedural bar sua sponte where transcendent interests served by that defense warrant it).  Because defendant's claim obviously is barred by the plea agreement and lacks merit, in the interests of judicial efficiency, the Court does not consider this additional procedural bar.

additional guidance to district courts in determining when a mitigating role adjustment applies under

Section 3B1.2 of the Guidelines.  See Amendment 794, Supp. to App. C (Nov. 1, 2015).  In

particular, Amendment 794 added commentary to Section 3B1.2 as follows:

> **Fact-Based Determination**.—The determination whether to apply subsection (a) or
> subsection (b), or an intermediate adjustment, is based on the totality of the
> circumstances and involves a determination that is heavily dependent upon the facts
> of the particular case.
>
> In determining whether to apply subsection (a) or (b), or an intermediate adjustment,
> the court should consider the following non-exhaustive list of factors:
>
> (i) the degree to which the defendant understood the scope and structure of the
> criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the
> criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or
> influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the
> criminal activity, including the acts of the defendant performed and the responsibility
> and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.
>
> For example, a defendant who does not have a proprietary interest in the criminal
> activity and who is simply being paid to perform certain tasks should be considered
> for an adjustment under this guideline.
>
> The fact that a defendant performs an essential or indispensable role in the criminal
> activity is not determinative.  Such a defendant may receive an adjustment under this
> if he or she is substantially less culpable than the average participant in the criminal
> activity.

U.S.S.G. § 3B1.2, cmt. 3(C).

When the Court sentenced defendant, the Commentary to the Guidelines reflected the change in Amendment 794.[2]  Accordingly, defendant cannot show that she is entitled to "retroactive" relief under the amendment or reconsideration of the Court's prior ruling.[3]

Defendant has not shown that the Court erred in applying Section 3B1.2.  Defendant states that she had a minimal role because she was the eighth-named defendant in the indictment and only a drug user.  As noted at sentencing, however, defendant admitted to being a "middleman" in multiple methamphetamine transactions.  In addition, as an example of those "middleman" transactions, defendant stated that when Damon Griffin could not obtain methamphetamine from his regular supplier, she arranged a transaction involving five ounces with a new supplier.  For these reasons and substantially the reasons stated at sentencing, the Court correctly found that defendant was not entitled to a reduction of her offense level under Section 3B1.2.  See United States v. Llantada, 815 F.3d 679, 685 (10th Cir. 2016) (middleman not necessarily entitled to reduction under Section 3B1.2); United States v. Salas, 756 F.3d 1196, 1207 (10th Cir. 2014) (courier status alone

---

[2]       The Court sentenced defendant on February 23, 2016, more than three months after the effective date of Amendment 794.

[3]       Because the United States Sentencing Commission has not specifically designated Amendment 794 for retroactive application, the Court has no authority to apply the amendment to defendant's case under Section 3582(c)(2).  See 18 U.S.C. § 3582(c)(2) (court may reduce sentence where consistent with policy statements of Commission); U.S.S.G. § 1B1.10 (if amendment not listed in subsection 1B1.10(c), reduction not consistent with policy statement).  The Sixth, Ninth and Eleventh Circuits have concluded that Amendment 794 is a clarifying amendment which is retroactive to cases on direct appeal.  United States v. Carter, No. 15-3618, 2016 WL 5682707, at *6 (6th Cir. Oct. 3, 2016); United States v. Quintero-Leyva, 823 F.3d 519, 523 (9th Cir. 2016); United States v. Cruickshank, 837 F.3d 1182, 1194 (11th Cir. 2016).  To the extent that Amendment 794 is considered a "clarifying" amendment, the Court applies it retroactively under Section 2255 in a challenge to the validity of a sentence.  See United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003).  Even so, as explained above, because the Court applied a version of the Guidelines which already included Amendment 794, defendant is not entitled to relief.

does not entitle defendant to adjustment under Section 3B1.2).

Defendant has not asserted that counsel provided ineffective assistance. In any event, such a claim is without merit. In a sentencing memorandum and at sentencing, Robinson argued that defendant was entitled to at least a two-level reduction under Section 3B1.2(b). Defendant's Sentencing Memorandum For Minor Participant Level Reduction (Doc. #395) at 2. After hearing argument on the issue and considering the text of Section 3B1.2 and commentary under the version of the Guidelines dated November 1, 2015, the Court overruled defendant's objection. See Transcript Of Sentencing (Doc. #577) at 17. Counsel's performance at sentencing was within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689. Even if Robinson was somehow deficient in the manner in which he raised the objection under Section 3B1.2(b), defendant has not shown a reasonable probability that had counsel presented the objection differently, the Court would have imposed a different sentence.[4] See United States v. Hemsley, 287 F. App'x 649, 650 (10th Cir. 2008); United States v. Rantz, 862 F.2d 808, 810-11 (10th Cir. 1988). As noted above, the Court imposed a non-Guideline sentence which was 49 months below the minimum of the Guideline range.

---

[4]    In the context of determining harmless error on direct appeal, "[w]hen a defendant is sentenced under an incorrect Guidelines range – whether or not the defendant's ultimate sentence falls within the correct range – the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016). Here, in contrast, the Court imposed a sentence which equated to roughly a seven-level decrease of the Guideline offense level in part because defendant was less culpable and had less of a criminal history than other defendants. Accordingly, the Court does not presume prejudice. Furthermore, because the Court granted a significant variance based in part on the same facts which defendant asserts qualify her for a reduced Guideline range, defendant's eligibility for a reduction under Section 3B1.2 had no impact on her ultimate sentence.

**Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle her to relief.  Accordingly, no evidentiary hearing is required.  See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless petitioner's allegations, if proved, would entitle her to relief and allegations not contravened by record).

**Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).[5]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)).  For reasons stated above, the Court finds that defendant has not

---

[5]     The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

satisfied this standard.  The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Under 28 U.S.C. § 2255 To Correct/Modify Sentence Pursuant To U.S.S.G.  App. C, Amend. 794</u> (Doc. #550) filed August 19, 2016 is **OVERRULED**.

**IT IS FURTHER ORDERED** that <u>Plaintiff's Motion To Enforce Waiver Of Collateral Attack</u> (Doc. #579) filed September 19, 2016 is **SUSTAINED**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 25th day of January, 2017 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge